# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

United States of America,

          Plaintiff,

v.

Juan Angel Medina-Chaidez, et al.,

          Defendants.

No. CR-15-00730-001-TUC-JAS

**ORDER**

**FAILURE TO COMPLY MAY RESULT IN SANCTIONS AGAINST COUNSEL**

On 7/1/15 (Doc. 32-"Pretrial Order"), the Court issued a very detailed Pretrial Order pertaining to this Court's particular requirements for trial pertaining to issues such as jury instructions, voir dire, and verdict forms.  It appears that some of the counsel in this case may not have read or misunderstood the Pretrial Order.  Among other issues, the Pretrial Order set a deadline of 9/18/15 for the parties to jointly submit the full text of any stipulated or disputed preliminary, mid-trial, and final jury instructions in the exact order they wanted them read to the jury, and to clearly explain any objections as to any disputed jury instructions.  After the deadline, on 9/22/15, the Court received untimely proposed instructions and voir dire from defense counsel that do not comply with the Court's previous Order.  In addition, after the deadline (on 9/22/15), the Court's Courtroom Deputy received an email from separate defense counsel regarding the submission of untimely, separately filed instructions that would violate the Court's Pretrial Order.  The Court received filings on 9/18/15 in relation to the Court's Pretrial Order, but based on the 9/22/15 filings or communications, it appears that at least some counsel have not read the Court's Pretrial Order and have not complied with the Pretrial Order such that full compliance would have been impossible by the 9/18/15 deadline.

     In light of the foregoing, IT IS ORDERED as follows:

(1) All counsel shall read and comply with all of the provisions of the Court's Pretrial Order (Doc. 32) by 9/30/15.  The Court has attached the Pretrial Order.

(2)  The Court's 9/21/15 Order (attached) directing counsel to comply with the Court's Pretrial Order by 9/25/15 is vacated in light of the filings and communications the Court received on 9/22/15 which appear to reflect that defense counsel may not have read or misunderstood either the 7/1/15 Order (Doc. 32) or the 9/21/15 Order (Doc. 45).

(3)  As the filings received on 9/18/15 and thereafter pertaining to jury instructions, voir dire, and verdict forms do not comply with the Pretrial Order in light of the foregoing, such filings are stricken and will not be considered by the Court.

(4)  Counsel's continued failure to comply with the Pretrial Order, or continued inaction causing non-compliance with the Pretrial Order, may result in sanctions against counsel.

(5)  If examples of other parties compliance with the same Pretrial Order would be helpful, *see* CR 14-2030-TUC-JAS (Docs. 54 through 58); CR 13-1944-TUC-JAS (Docs. 239 through 242; Docs. 204 and 205).


Dated this 23rd day of September, 2015.




Honorable James A. Soto
United States District Judge

- 2 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CR 15-730-TUC-JAS |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Juan Angel Medina-Chaidez, et al., | ) | |
| Defendants. | ) | |
| | ) | |

IT IS HEREBY ORDERED[1] as follows:

(1)  By no later than **9/18/15** the parties shall file:

(a) One joint set of stipulated preliminary jury instructions that both parties agree are appropriate for trial.  These jury instructions will be read at the beginning of the case.  The parties shall submit the stipulated preliminary jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instructions**.  As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated preliminary jury instructions.

---

[1]The Court notes that it set the motions in limine deadline for 8/31/15 during a status conference with the parties on 7/1/15.  However, as discussed below (p. 4, subsection (4)), the motions in limine deadline is reset to 8/14/15 to account for the time for briefing related to responses and the time to consider the motions before the pretrial conference.

(b)  One joint set of stipulated final jury instructions that both parties agree are appropriate for trial.  These jury instructions will be read at the end of the case.  The parties shall submit the stipulated final jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instructions**.  As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated final jury instructions.[2]

(c)  One joint set of stipulated mid-trial jury instructions (if any) that both parties agree are appropriate for trial.  These jury instructions will be read in the midst of the case.  The parties shall submit the stipulated mid-trial jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instructions**.  As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated mid-trial jury instructions.

(d)  One joint set of jury instructions that the parties can not agree on.  The party advancing a disputed jury instruction shall briefly explain why that instruction is appropriate and cite authority to support the proposed jury instruction.  Immediately after the explanation supporting the disputed jury instruction, the opposing party shall briefly explain why that instruction is inappropriate and cite authority to support the opposition.  Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.  **The parties shall provide the full text of their requested instructions**.

---

[2]The Court notes that it likely will not read any additional instructions other than those specifically submitted by the parties pursuant to the deadline in this Order; as such, the parties should submit all jury instructions they feel are necessary for the jury in this case.  After the Court receives the jury instructions from the parties, the Court will either discuss the instructions at the final pretrial conference, or issue an Order informing the parties what instructions were accepted and rejected prior to trial such that they will know the substance of all the preliminary and final jury instructions prior to trial.  Likewise, prior to trial, the Court will either discuss verdict forms at the final pretrial conference, or issue an Order informing the parties what verdict forms will be used at trial.

(e) One joint set of stipulated voir questions.  As to stipulated voir dire questions, the parties do not need to cite authority or give a justification for stipulated voir dire questions. Generally, the Court will be inclined to read stipulated voir dire questions to the jury.

(f)  One joint set of proposed voir dire that the parties can not agree on.  The party advancing a disputed voir dire question shall briefly explain why that question is appropriate and cite authority to support the proposed question.  Immediately after the explanation supporting the disputed question, the opposing party shall briefly explain why that question is inappropriate and cite authority to support the opposition.  Where applicable, the objecting party shall submit an alternative proposed question covering the subject or issue of law.  Generally, the Court will be disinclined to read disputed voir dire questions to the jury.[3]

(g) Proposed jury verdict forms (the parties shall indicate if the verdict forms are stipulated forms).   In addition, on the same day that these documents are filed, paper copies of all of these documents shall be provided to chambers (to the extent there are any exhibits, a table of contents and tabs must be included), and **Word Perfect or Word versions of all of these documents shall be emailed to chambers** (**soto_chambers@azd.uscourts.gov**).

As model instructions are constantly updated, the parties shall refer to the Ninth Circuit website for the most recent version of the Ninth Circuit Criminal Model Jury Instructions. Model instructions from this website are searchable and jury instructions can be cut and pasted from this website into Word Perfect or Word documents.  Ninth Circuit Criminal Model Jury Instructions are likely to be adopted by the Court assuming such instructions are applicable under the circumstances whereas non-Ninth Circuit Criminal Model Jury

---

[3]**To aid the parties in formulating their own voir dire and to help the parties avoid covering issues the Court will have already covered in its voir dire, the Court has attached a sample voir dire script the Court has used in a previous criminal case which reflects the typical questions the Court asks of the jury in criminal cases.   See Attachment (Sample Criminal Voir Dire Script).**  Typically, the Court asks the general voir dire questions reflected in the attachment, and then if necessary, gives each side a maximum of 30 minutes each to ask any additional questions of the jury that were not adequately covered by the Court's voir dire.

1   Instructions (unless stipulated) are less likely to be adopted unless a specific explanation and

2   citation of authority supports the proposed instruction.

3   (2) The Pretrial Conference shall be held on **10/1/15 at 1:30 p.m.** in Courtroom 6A.  Counsel

4   for the parties shall personally appear in Court at the Pretrial Conference.

5   (3) The Jury Trial shall begin on **10/5/15 at 9:00 a.m.** in Courtroom 6A.  After the first day

6   of trial, **each subsequent trial day shall begin at 9:30 a.m.** and end at 5:00 p.m.  There is

7   one morning recess, lunch, and one afternoon recess.  The trial will continue each

8   consecutive weekday until the trial concludes.

9   (4) **Motions in limine**:  Motions in limine are discouraged if the parties can informally

10  resolve the issues without Court intervention.  Therefore, the parties must confer prior to the

11  filing of a motion in limine to determine whether it can be avoided.  Motions in limine must

12  be accompanied by a notice of certification of conferral indicating that the parties have

13  conferred to determine whether a motion in limine can be resolved through agreement, and

14  have been unable to agree on a resolution of the motion.  Motions in limine that do not

15  contain the required certification may be stricken by the Court. Motions in limine (which

16  includes *Daubert*/Rule 702 motions), if any, shall be filed no later than **8/14/15**.  Responses

17  to motions in limine are due no later than **8/28/15**.  Unless otherwise ordered by the Court,

18  no replies are permitted and **motions in limine and responses thereto shall not exceed five**

19  **(5) pages**.  The parties must provide paper copies of their motions and responses the same

20  day as they file these documents; any motions or responses with more than one exhibit must

21  be accompanied by a Table of Contents and the exhibits must be indexed with tabs which

22  correspond to the Table of Contents.  **Word Perfect or Word versions of all of these**

23  **documents shall be emailed to chambers (soto_chambers@azd.uscourts.gov)** the same

24  day that they are filed.

25  (5) **Trial Binders**: The parties shall prepare at least four exhibit binders for trial that contain

26  all the exhibits that are stipulated for admission by the parties (i.e., one for the Court, one for

27  witnesses, one for counsel representing each opposing party or group of parties, and one for

28  themselves).  The parties shall prepare at least four exhibit binders for trial that contain all

the exhibits that are unstipulated.  The parties shall have these exhibit notebooks completed and give them to the Courtroom Deputy in the morning on the first day of trial.    See Attachment (Instructions for marking and submitting exhibits, exhibit lists, and witness lists for trial).  The parties shall contact the Court's Courtroom Deputy (Tiffany Dame-#520-205-4682) if they have additional questions regarding organizing exhibits, or if they would like to schedule a time to view the Courtroom and to test the Courtroom's equipment prior to trial.  Likewise, to the extent the parties may use depositions at trial, the parties shall prepare at least four stipulated deposition binders for trial and four unstipulated deposition binders for trial.  See id. All of the binders must be accompanied by a Table of Contents; any exhibits or depositions must be indexed with tabs that protrude from the documents and shall correspond to the Table of Contents.    The parties are strongly encouraged to thoroughly consult with each other such that as many exhibits and depositions as possible are stipulated to be admitted at trial.  The parties' failure to specifically seek, obtain, and be willing to stipulate to the admission of evidence at trial may result in sanctions especially in light of the fact that consistent objections to evidence at trial drastically expands the time that the jury, the Court, and the parties must expend on the trial. To the extent the parties are unable to stipulate to admission after exhausting all reasonable efforts to obtain stipulations, the parties should be prepared to thoroughly explain why they could not stipulate to admission, and each side should be able to thoroughly explain why a particular piece of evidence should or should not be admitted in the midst of trial.  The Court notes that to the extent certain issues could have and should have been specifically raised in timely motions in limine, such issues may be deemed untimely or otherwise waived if they are raised by the parties at trial.

(6)  The Court intends to seat 13 jurors in this case (i.e., one alternate juror).  As such, the Court will call 31 jurors into the Court well for questioning, will excuse and replace those jurors as necessary for cause, and then will allow the parties to exercise alternating peremptory strikes outside the presence of the jury. See, e.g., Fed. R. Crim. P. 24(b)(2) and (c)(4); Fed. R. Crim. P. 31(a); Fed. R. Crim. P.  23(a).  Once the parties have exercised all

1  of their peremptory strikes, the jury panel will be summoned back into the courtroom, the

2  final 13 jurors will be called, the Court will give preliminary instructions, and the parties will

3  then be permitted to give their opening arguments.

4

5  DATED this 1st day of July, 2015.

6

7

8  _____

9  James A. Soto
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>Criminal Voir Dire Script</u>

## <u>Opening Remarks</u>

Good morning and welcome to everyone.   I am United States District Judge James Soto, and I will be presiding over this trial starting with jury selection.

Before selection, I want to take a few moments to talk about why jury service is so important, and to acknowledge the significance of your participation in the jury process. Our American concept of justice is embodied in a trial by jury.   Voting and jury service are the two principal ways citizens directly participate in the democratic process.   The right to trial by jury is a fundamental principle of the American legal system which is guaranteed by the United States Constitution.   It preserves a right deeply rooted in history that allows people to have their cases, both civil and criminal, heard not by Government officials, but by their peers within their community.

Jurors keep law in the United States close to the people.   You have an opportunity to provide a great service, and you also have a great responsibility in this service.   Jurors must determine the facts from the testimony and other evidence presented throughout trial, and must correctly apply the law to those facts while putting aside any bias, prejudice and sympathy in so doing.

Thank you for being here, and for your willingness to participate in this process. We are now going to begin the jury selection in this case.

1

**Oath**

Will all prospective jurors seated in the courtroom please stand, raise your right hands, and be sworn.   After you are sworn, please be seated.

**(The Courtroom Deputy should be prompted to administer the oath)**

**Calling Jurors 1 through 31**[1]

As your juror number is called, please pass through the swinging wooden doors and enter the well of the Courtroom.   Your juror number is reflected on the sticker you were given by the Jury Commissioner.

Jurors 1 through 8 please enter the Court well and arrange yourselves in numerical order from 1 to 8.   Please be seated in the upper row of the jury box in numerical order with juror 1 in the far left seat, and juror 8 in the far right seat.

---

[1]  In Federal criminal jury trials, Courts typically pick 13 jurors.   The reason for this is that a unanimous verdict from 12 jurors is required, and the criminal rules provide for alternates such that if we lose a juror during trial, we have at least one juror who can fill in if necessary.   Typically, the defendant is entitled to 11 peremptory strikes and the Government is entitled to seven peremptory strikes.   As such, the Court will typically call/seat 31 jurors in the Court well accounting for the fact that the parties will strike 18 prospective jurors to end up with 13 jurors at the end of the voir dire process.   *See* Fed. R. Crim. P. 24(b)(2) and (c)(4)("The government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year [i.e., felonies] . . . Each side is entitled to . . . [o]ne additional peremptory challenge . . . when one or two alternates are impaneled."); Fed. R. Crim. P. 31(a)("The jury . . . verdict must be unanimous."); Fed. R. Crim. P.  23(a)("A jury consists of 12 persons . . .").   Prior to the parties exercising their peremptory strikes, numerous jurors will be struck for cause.   Stated differently in the context of the default number of strikes and alternate juror issues, **Error! Main Document Only.**usually 28 prospective jurors are seated if no alternates are used; 28 prospective jurors are required because the defense is entitled to 10 strikes and the Government receives 6 strikes. *See* Fed. R. Crim. P. 24(b).   After both sides exercise all peremptory strikes, 12 jurors will remain.   As to alternates, each side is entitled to 1 additional peremptory challenge if 1 or 2 alternates will be empaneled, 2 additional peremptory challenges if 3 or 4 alternates are to be empaneled, and 3 peremptory challenges if 5 or 6 alternates are to be empaneled.   CAVEAT: Additional peremptory challenges allowed as a result of the seating of alternates "may be used only to remove alternate jurors."   *See* Fed. R. Crim. P. 24(c).   In practice, there is typically only one alternate for a total of 13 jurors (i.e., 12 plus 1 alternate).   As the parties are allowed one additional strike each as to the alternate, typically 31 jurors are seated (i.e., the parties use a total of 16 strikes for the 28 jurors (28-16=12 jurors), and then use the last two strikes for the extra pool of alternates (3 potential alternates; 3-2=1 alternate juror).

Jurors 9 through 16 please enter the Court well and arrange yourselves in numerical order from 9 to 16.   Please be seated in the lower row of the jury box in numerical order with juror 9 in the far left seat, and juror 16 in the far right seat.

Jurors 17 through 24 please enter the Court well and arrange yourselves in numerical order from 17 to 24.   Please be seated in the row of seats nearest the jury box in numerical order with juror 17 in the far left seat, and juror 24 in the far right seat.

Jurors 25 through 31 please enter the Court well and arrange yourselves in numerical order from 25 to 31.   Please be seated in the front row of seats in numerical order with juror 25 in the far left seat, and juror 31 in the far right seat.

## **Duty of Candor**

Ladies and gentlemen, you will now be asked a number of questions about yourselves.   These questions are not designed to pry unnecessarily into your personal lives or affairs and I hope that they do not do that.   It is necessary for me to ask you some questions to find out if you have any knowledge about this case; if you have any preconceived opinions which you might find difficult to lay aside; if you have had any personal or family experiences which might cause you to identify yourself with any of the parties.   In other words, we need to ask these questions to do all we can to assure each party that the jurors who will be selected to decide the case are able to be fair and impartial.

Please do not withhold information in order to be seated on this jury.   Don't be concerned with whether your answers are "right" or "wrong"; this is not any sort of test. Just be straightforward in your answers rather than answering in the way you feel the

3

lawyers or I expect you to answer.

If your answer to a question asked of the whole panel is "No", you need not do anything.   If your answer to a question is "yes," please raise your hand.   I will call on you and ask additional questions.   If you have a "yes" answer and, for whatever reason, you prefer not to answer the question in open court, please raise your hand anyway and when I call on you, state that you prefer to answer the question in private.   That can be done.   At the appropriate time, I will ask you to come up to the bench, and you, counsel, and I will discuss the matter.

[Addressing jurors not called into the Court well.]   If you have not been called into the Court well, you do not have to raise your hand.   However, you still must pay close attention to the questions as there is a very good chance that many of the 31 jurors that were initially called will be excused, and you will be called to take their place.   Once you take their place, my first question to you will be whether you would have answered yes to any of the questions asked thus far.   Please notice that pens and note cards have been made available in the courtroom if that will be helpful in keeping tracking of any "yes" answers to the questions.   Please leave the pens and any unused note cards on your seats before you are excused from Court today.

## Introduction of the Court Staff, Attorneys, Parties, and Witnesses

Before we go any further, I would like to introduce the courtroom personnel.   The Courtroom Deputy is _____.   Among other things, the Courtroom Deputy keeps the official record of the proceedings, handles all the exhibits and swears the

witnesses and jurors.

Our Court Reporter is _____.  The Court Reporter takes down everything said in court so that we can have a word-for-word report.

Our interpreters, who are seated to my right, provide translation services-typically from Spanish to English and vice versa.

Our bailiff who will be helping with the jury selection process today is _____.

Now let me introduce the lawyers and their clients.

1.      The     Government      is     represented     by     an Assistant United States Attorney ("AUSA") who is a lawyer who works for the U.S. Attorneys Office for the District of Arizona.  [Ask the AUSA to stand, and introduce himself or herself and any other counsel associated with the trial (usually there is only one AUSA at the trial), as well as the person seated at counsel's table (typically, there is a case agent sitting at the table such as an agent from Border Patrol or ICE).  In addition, ask counsel to tell the jurors the names of any witnesses the Government may call during the trial.]   On a social or professional basis, do any of you know: counsel for the Government; any of the witnesses or individuals referenced by the Government; or anyone associated with the offices or agencies of these individuals?

[If NO hand is raised] Apparently, none of you think you know any of the individuals associated with this case for the Government.

[If a hand is raised] Yes, juror number _____, which individual do you think you

5

know?  How well do you know him/her?  Would that affect your ability to be fair and impartial?

2.   [Ask Defense counsel to stand, and introduce himself or herself and any other counsel associated with the trial (usually there is only one defense counsel at trial), and ask counsel to state the name of the firm or governmental body (i.e., the Federal Public Defender) he or she is associated with.  Ask Defense counsel to have his client (the Defendant) stand and have counsel introduce Defendant as well.  <u>In addition, ask counsel to tell the jurors the names of any witnesses the defense may call during the trial.</u>]  On a social or professional basis, do any of you know: counsel for the Defendant; any of the witnesses or individuals referenced by the Defendant; or anyone associated with the offices or agencies of these individuals?

[If NO hand is raised] Apparently, none of you think you know any of the individuals associated with this case for the Defendant.

[If a hand is raised] Yes, juror number _____, which individual do you think you know?  How well do you know him/her?  Would that affect your ability to be fair and impartial?

**<u>Description of Case</u>**

The case being tried today is a criminal case.  The defendant is charged with _____.  The indictment in this case alleges the following: <u>quote indictment if it is not too lengthy (otherwise just list the charged crimes)</u>

6

The Defendant has pleaded not guilty.

**Knowledge of the Case and/or Similar Cases**

Have any of you ever seen, heard, or read anything about this case, or have any of you ever heard anyone express an opinion about it?

[If yes, ask the juror and counsel to approach the bench.   Ask the juror: What have you heard or read?   From what source did you learn about this matter?   Do you think that might have some bearing on your judgment if you were chosen as a juror in this case?   Could you be fair and impartial?   If applicable, ask counsel whether the juror should be excused for cause, excuse the juror and have him/her report back to the Jury Commissioner, and have the Courtroom Deputy call a replacement juror.]

Have you, any close family members, or close friends, ever been involved in a case like this?

Is there anything about the nature of this case that would make it difficult for you to serve as a fair and impartial juror?

**Schedules**

I know that jury service is an inconvenience to all of you to one extent or another. But, I hope you know how important it is to this community that people such as yourselves be willing to serve on juries.   Jury duty is one of the most important civic duties that citizens of this country are called upon to perform. I know that you will not take this duty lightly.

Let me tell you about the schedule for the trial.   This case is expected to take a total

of _____ days (which includes today).   Trial will start today immediately after jury selection and will end around 5:00 p.m.   Trial will start each subsequent day at 9:30 a.m. and end by 5:00 p.m.   Once trial has started, we will have a lunch break, a short break in the mid-morning and mid-afternoon, and stretch breaks.

Is there anything about the anticipated length or daily schedule of the trial that presents an <u>insurmountable</u> problem, whether it be personal, business, or health, that is significant enough that you feel the need to ask to be excused from service on this jury?

**Exposure to Legal Training**

Have any of you, any close family members, or close friends, ever served as a law enforcement officer?

Have you, or any close family members, ever studied or practiced law?

**Duty to Follow the Law**

After the jury has been empaneled, you will receive some preliminary instructions on the law.   At the conclusion of the trial, I will fully instruct you on the applicable law. As a juror, you are obligated to follow the law given to the jury by the Court.   Is there anyone who would be unwilling or unable to follow the law as given in the instructions, disregarding your own notions or ideas as to what the law is or ought to be?

**Evaluation of witnesses**

One important task of the jury is to listen to the testimony of the various witnesses and decide how much or how little weight the testimony should be given.   You will be instructed that in evaluating credibility you may consider factors such as the witnesses'

8

ability to see or hear the things testified to, the witnesses' bias or prejudice, and the witnesses' demeanor while testifying.

Is there anyone who could not judge the testimony of all the witnesses by the same standards?   For example, is there anyone who believes that the testimony of law enforcement officers should be treated or evaluated in a different way than the testimony of other witnesses who have sworn to tell the truth?   Stated differently, is there anyone who would give more or less weight to the testimony of a law enforcement officer (as compared to the testimony of any other witness) simply because that individual is a law enforcement officer?

## Principles of Law Applicable to a Criminal Trial

The law requires the Government to prove the defendant guilty beyond a reasonable doubt.   The defendant is presumed by law to be innocent which means the defendant is not required to prove innocence or produce any evidence.

The defendant in a criminal case has a right not to testify at trial.   The exercise of that right cannot be considered by the jury in determining guilt or innocence.

Would anyone be unable or unwilling to follow these principles of law?

## Familiarity with Other Panel Members

Do any of you know any other members of this jury panel?  If yes, how do you know each other?

Would it pose a problem for you should both you and juror number _____ serve as jurors in this case?

Would you be able to exercise independent judgment in deciding this matter?

[If both jurors are employed by the same business, ask: Is there a supervisory relationship between the two of you?  If so, would this pose any problems exercising independent judgment in this case?]

**Criminal Convictions**

Have you, a close family member, or close friend, ever been convicted of any crime other than a minor traffic offense? For purposes of this case, drunk driving or any form of driving under the influence ("DUI") is not a minor traffic offense.

**Miscellaneous**

Do you have any social, religious, or political beliefs that would prevent you from convicting the defendant even if the Government proves its case beyond a reasonable doubt?   In other words, even if the Government were to meet its burden of proof, is there anyone who would not convict based on a social, religious, political or private belief?

By the same token, does anyone on the panel have such a belief that would prevent him or her from acquitting the defendant even if the Government does not prove its case beyond a reasonable doubt?

**Questionnaire**

Each of you has been given a list of questions that I would like each of you to answer at this time.   Juror Number _____ [start with whoever is in seat number 1], would you please stand and answer those questions.   After you are done, please pass the microphone to the juror to your left who can then proceed to answer the same questions.

10

[The Courtroom Deputy will have already given the prospective jurors the standard questionnaire which asks the following questions:   1. What is your juror number?; 2. Where is your place of birth?; 3. How long have you lived in Arizona?; 4. In what city do you presently live? What area?; 5. What is your educational background?; 6.  Are you presently employed? If so, where?; 7. Briefly, what former jobs have you held?; 8. What is your marital status?; 9. If married, what is your spouse's present and former employment?; 10. How many children do you have?; 11. What clubs or organizations do you belong to?; 12. Have you ever sat as a juror?   If so, please state the nature of the case and the verdict?]

## General Inquiry

Ladies and gentlemen, I have asked all the questions I had planned to ask. Sometimes I find that we get to the end of the questioning and jurors have thought about additional answers they might have to questions that were asked earlier.   Then they wonder if they should give the answers or not.   Please do give the answers.

If you have anything in mind now that you are wondering if you should tell me about, or you wish you had said something about earlier, please tell me now.

Let me ask a last, very broad question: Is there anything you think the attorneys or I should know before selecting the jurors who will serve in this case?

## Additional Questions from Counsel

Will counsel please approach the bench.   [At the bench conference, determine what additional questions (if any) are to be asked.   Ask any additional questions agreed upon by the Court and counsel, or permit counsel to conduct further voir dire.   After additional

questions (if any) have been asked, inquire again at a bench conference whether the panel can be passed for cause by counsel.  If counsel agree that the panel can be passed for cause, direct counsel to return to their seats, and ask them to state their positions before the panel.]

## Counsel's Approval of Panel

Do both sides pass the panel for cause?

## Exercise of Peremptory Strikes

Ladies and gentlemen, we will now take a short recess to complete the process of jury selection.  Each of you has been found to be fair and impartial, so don't take it personally if you are not chosen to serve as a juror in this case.   Only **13** of you can be on this jury.

During the recess, I'll ask that you wait outside the courtroom.  When you are called back into court, please sit anywhere in the back of the courtroom; do not sit in the Court well.  During the recess, do not discuss the case or anything connected with it among yourselves or with anyone else.   We estimate that the recess will be about <u>20 to 30</u> minutes, so be ready to come back into court in <u>20</u> minutes.   Thank you.

[After the jury is excused, ask counsel if they have any matters to discuss.   If there are no additional issues, direct them to make their alternating peremptory challenges after you leave the courtroom, and to inform the Courtroom Deputy when they are done with their peremptory challenges such that the Courtroom Deputy will have the final 13 jurors. After the Courtroom Deputy has the final 13 jurors, and the entire jury panel is summoned

12

back into the courtroom, the Courtroom Deputy will call you to come back into court to complete jury selection.]

## Impanelment of the Jury

The record will show the presence of the defendant, counsel, and the prospective jurors.  Ladies and gentlemen, the Courtroom Deputy will now read the numbers of the jurors selected to try this case.  As your number is read, please come forward and be seated in the jury box as directed by the Courtroom Deputy.

## Panel Members that are Not Selected

Those of you who were not selected as jurors please report back to the Jury Commissioner on the First Floor.   Thank you for your willingness to serve on this jury and for your participation here today.

## Administering of Oath to the Jury

Would those of you who have been chosen as jurors please stand and be sworn.

(**The Courtroom Deputy should be prompted to administer the oath**)

**After the Oath, Read the Preliminary Instructions, and then Direct the Parties to give their Opening Statements**

INSTRUCTIONS FOR MARKING AND SUBMITTING EXHIBITS,
EXHIBIT LISTS, AND WITNESS LISTS FOR TRIAL

The **exhibit and witness lists should be typed** and submitted to the courtroom clerk, an **original** and **three** copies, THE MORNING OF TRIAL.  Exhibit List description should be brief but descriptive enough to identify the exhibit.

Exhibits should be marked numerically in sequential order.  Exhibit tags should be placed on the front of document exhibits, lower right hand corner, whenever possible.  If the exhibit tag cannot be placed on the front, the tag should be placed on the back side, lower right hand corner, Photographs should be marked on the back, lower right hand corner.

Plaintiff's exhibits are marked commencing with number 1.  Defendant's exhibits are numbered sequentially following the last number used by Plaintiff, however, Defendant shall leave 10 additional exhibit numbers for Plaintiffs use if needed, or a block of numbers will be assigned by the courtroom clerk, as necessary.  Exhibit tags should reflect the case number.

Each Counsel shall provide a tabbed three ring binder for use by the Court at the bench during trial.  The outside, shall identify the owner of the binder:

Included in each binder is **that parties'** documents as follows:

    Cover page with case number; case caption; trial date; District Judge's name; and counsel.
    Witness List
    Exhibit List followed with copy of the exhibit(s) in numerical order *

*These exhibits can be hand numbered in the lower right hand corner-an original exhibit tag is not necessary. Please submit the morning of trial to the courtroom deputy.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

   Plaintiff,

vs.

Juan Angel Medina-Chaidez, et al.,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. CR 15-730-TUC-JAS

**ORDER**

On 7/1/15, the Court issued a Pretrial Order.  The parties filed documents on 9/18/15 pursuant to that Order.  The Court has reviewed those filings and it appears that all of the jury instructions (preliminary, mid-trial, final), voir dire, and verdict forms are stipulated. However, a review the jury instructions reflects that the parties did not comply with the Court's Order.  The Court's 7/1/15 Order stated in relevant part:

IT IS HEREBY ORDERED as follows:
(1) By no later than **9/18/15** the parties shall file:
(a) One joint set of stipulated preliminary jury instructions that both parties agree are appropriate for trial.  These jury instructions will be read at the beginning of the case. The parties shall submit the stipulated preliminary jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instructions**.  As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated preliminary jury instructions.
(b) One joint set of stipulated final jury instructions that both parties agree are appropriate for trial.  These jury instructions will be read at the end of the case.  The parties shall submit the stipulated final jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instructions**.  As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated final jury instructions.
(c) One joint set of stipulated mid-trial jury instructions (if any) that both parties agree are appropriate for trial.  These jury instructions will be read in the midst of the case. The parties shall submit the stipulated mid-trial jury instructions in the exact order they want them read to the jury; **the parties shall provide the full text of their requested instructions**.  As to citing authority, a citation to the model jury instruction number or other authority is all that is required in relation to stipulated mid-trial jury instructions.

*See* Doc. 32 (**emphasis in the original**).

By no later than **9/25/15**, the parties shall comply with the Court's Order as to the jury instructions.  As reflected in the Pretrial Order, the parties shall: (1) separately file the preliminary, mid-trial, and final jury instructions in the exact order they want them read to the jury; (2) **provide the full text of their requested instructions** (which includes both the standard Ninth Circuit Instructions and any instructions specifically tailored to this case); (3) email the Word versions of the separately filed preliminary, mid-trial, and final jury instructions to Chambers (soto_chambers@azd.uscourts.gov) the same day the instructions are filed.

DATED this 21st day of September, 2015.

James A. Soto
United States District Judge

- 2 -